IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DORISTEEN TAYLOR,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:19-cv-02796-MSN-atc |
| | ) |
| **METHODIST LE BONHEUR HEALTHCARE,** | ) |
| | ) |
|    **Defendant.** | ) |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Methodist Le Bonheur Healthcare's ("Methodist" or "Defendant") Motion for Summary Judgment, filed on February 22, 2021 (the "Motion"). (ECF No. 56.)[1] *Pro se* Plaintiff Doristeen Taylor ("Taylor") filed her Opposition to Defendant's Motion for Summary Judgment on April 7, 2021 (the "Response"). (ECF No. 62.) Methodist filed its Reply Brief in Support of its Motion for Summary Judgment on April 21, 2021 (the "Reply"). (ECF No. 63.) For the following reasons, this Court recommends that the Motion be granted in its entirety.

**PROPOSED FINDINGS OF FACT**

As a threshold matter, the Court must address which facts are undisputed for purposes of ruling on the Motion. Contemporaneous with the Motion and the accompanying memorandum

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

(ECF No. 57), Methodist filed a statement of thirty-five undisputed material facts ("Def.'s Facts") (ECF No. 58). Taylor responded to Methodist's statement of facts, indicating dispute with some facts and no dispute with others. (ECF No. 62-2.)

Taylor also submitted her own declaration (the "Declaration") contemporaneous with her response to Methodist's statement of facts. (*See* ECF No. 62-3.) Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Taylor's Declaration is consistent with this provision, as well as the rules governing unsworn declarations under penalty of perjury under 28 U.S.C. § 1746, and thus can be considered in ruling on the Motion. *See Haywood v. Brennan*, No. 2:18-cv-02473-MSN-cgc, 2020 WL 7480807, at *5 n.7 (W.D. Tenn. Dec. 18, 2020) (discussing how courts may rely on "unsworn, signed declarations as evidence in deciding motions for summary judgment under Rule 56 if the declaration is: 1) in writing, 2) dated, and 3) verifies that its content is 'true under penalty of perjury'") (citing *Vanguard Transp. Sys., Inc. v. Volvo Trucks of N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 2373273, at *6 (S.D. Ohio Aug. 14, 2006)); *see also Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir. 1998) (noting the statutory exemption under 28 U.S.C. § 1746 that "permits an unsworn declaration to substitute for a conventional affidavit if the statement contained in the declaration is made under penalty of perjury, certified as true and correct, dated, and signed").

However, Taylor has failed to properly dispute many of the facts she describes as disputed. For some of the disputed facts, Taylor offers no citations to the record to support her contention. Such responses are wholly insufficient under Local Rule 56.1(b), which requires that

"[e]ach disputed fact must be supported by specific citation to the record." Local Rule 56.1(d) further provides:

> Failure to respond to a moving party's statement of material facts . . . within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.

*See also* Fed. R. Civ. P. 56(e) (providing that, if a party fails to properly address an assertion of fact, the court can consider the fact undisputed for purposes of the motion). The facts Taylor disputes but offers no supporting citation for are therefore deemed undisputed.

In other instances, Taylor disputes facts "in part . . . because relevant information is missing." (*See, e.g.*, ECF No. 62-2 ¶¶ 4, 6, 7, 9.) Taylor then cites to her Declaration, which contains additional, related facts but does not contain any information contradicting the facts as stated by Methodist. (*See* ECF No. 62-2; ECF No. 62-3 ¶¶ 4, 6, 9.) Taylor has thus failed to "demonstrate[e] that the fact is disputed," as required by Local Rule 56.1(b). In these instances where Taylor has merely supplied additional information that does not bring the facts stated by Methodist into dispute, those facts are deemed undisputed. *See Sanders v. Baptist Mem'l Hosp.*, No. 14-CV-2414-SHL-tmp, 2015 WL 5797607, at *1 (W.D. Tenn. Aug. 19, 2015), *report and recommendation adopted*, 2015 WL 5797618 (W.D. Tenn. Oct. 1, 2015), *aff'd*, 15-6136 (6th Cir. Apr. 11, 2016) (collecting cases in which courts in this district deemed as undisputed facts that plaintiffs failed to respond to consistent with Local Rule 56.1(b)).

As to other facts, Taylor indicates that she "lacks sufficient information to form a belief as to the accuracy" of the statement. (*See* ECF No. 62-2 ¶¶ 5, 8, 11, 25.) Discovery in this case closed on November 30, 2020 (ECF No. 45), and the time for Taylor to gather information to refute Methodist's proof has passed. To the extent Taylor has failed to demonstrate a dispute with Methodist's facts because she lacks sufficient information to do so, those facts are deemed

3

undisputed. *See Baxter Bailey Invs., Inc. v. Mars Petcare US, Inc.*, No. 11-2860-STA-dkv, 2012 WL 1965612, at *1 n.1, *2–3 (W.D. Tenn. May 31, 2012) (denying the plaintiff's motion for additional discovery and deeming certain facts admitted when discovery had closed and the plaintiff had asserted he lacked sufficient information to respond to the allegations); *Dodd v. Chrysler Grp. LLC*, No. 1:11-cv-01073-JDB, 2012 WL 1565640, at *2 n.2, n.3 (W.D. Tenn. May 1, 2012) (deeming certain facts admitted for the purposes of summary judgment after the plaintiff asserted that he was "without sufficient information to admit or deny" them); *Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 747 n.13 (M.D. Tenn. 2019), *case dismissed*, No. 19-5369, 2019 WL 5079251 (6th Cir. Sept. 18, 2019) (accepting as undisputed those facts that were objectively verifiable, despite the plaintiff's assertion that he lacked sufficient information to assess their truth but made no attempt to offer contrary evidence).

Given the foregoing, the Court finds the following facts are undisputed for purposes of the Motion:

On April 1, 2018, Taylor applied for a registered nurse position in Methodist's Cardiovascular Step-Down Unit. (ECF No. 62-2 ¶ 2.) The Step-Down Unit houses patients who are recovering from serious medical illnesses and procedures and provides a level of care between intensive care and the general medical-surgical wards. (*Id.* ¶ 3.) After Methodist conducted an initial telephone interview with Taylor in April 2018, Taylor withdrew her application due to "unforeseen circumstances." (*Id.* ¶¶ 4, 6.)[2] On July 5, 2018, Taylor asked to be reconsidered for the position. (ECF No. 62-2 ¶ 7.)[3] Tracie Bardwell, Methodist's hiring

---

[2] As discussed *supra*, Taylor attempts to dispute this fact only by referring to additional, related facts, and therefore the fact is deemed undisputed. (*See id.*; ECF No. 62-3 ¶ 6.)
[3] As discussed *supra*, Taylor attempts to dispute this fact only by referring to additional, related facts, and therefore the fact is deemed undisputed. (*See id.*; ECF No. 62-3 ¶ 10.)

4

leader and clinical director, and Rachel Cardenas, its patient care coordinator, conducted an in-person interview of Taylor at Methodist on July 20, 2018. (ECF No. 62-2 ¶ 9.)[4] Methodist employs behavioral interviewing methods, in which interviewees are asked to apply previous behaviors and actions to situations. (ECF No. 62-2 ¶ 10.) Methodist believes this approach allows it to gauge the interviewee's competency and to predict future performance and behaviors. (*Id.*)

Methodist did not offer Taylor a job after her interview. (*Id.* ¶ 21.)[5] It found Taylor's interview answers, as well as those from her November 30, 2020, deposition, to be "rambling or circular." (ECF No. 62-2 ¶ 29.)[6] At the time Taylor interviewed for the position at Methodist, Taylor was licensed as a nurse, but she had not worked in that capacity in the previous ten years. (ECF No. 62-2 ¶ 16.) Taylor did not seek any discovery as to the age of the person who was hired for the position. (*Id.* ¶ 28.) The person Methodist eventually hired for the position was older than forty. (*Id.* ¶ 25.)[7] Since 2018, Methodist has hired nine registered nurses in the Step-Down Unit in their forties and fifties. (*Id.*) Methodist's Bardwell or Cardenas served as the hiring leader for each of those hiring decisions. (*Id.*) Taylor retained no documents relating to her interview with Methodist. (*Id.* ¶ 35.)

Taylor's Complaint asserts that she "was denied a Registered Nurse position on the Cardiovascular Step-Down Unit by Methodist Le Bonheur Healthcare in Memphis, Tennessee in

---

[4] As discussed *supra*, Taylor attempts to dispute this fact only by referring to additional, related facts, and therefore the fact is deemed undisputed. (*See id.*; ECF No. 62-3 ¶ 9.)
[5] As discussed *supra*, Taylor attempts to dispute this fact only by referring to additional, related facts, and therefore the fact is deemed undisputed. (*See id.*; ECF No. 62-3 ¶ 13.)
[6] Taylor did not respond to this fact (*see id.*), and it is therefore deemed undisputed insofar as it is a statement of Methodist's opinion about Taylor's answers. *See* LR 56.1(d).
[7] As discussed *supra*, Taylor disputes this fact only because she "lack[s] sufficient information to form a belief to accuracy" of it (*id.*), and therefore the fact is deemed undisputed.

July 2018 because of my age, in violation of Age Discrimination in the Employment Act of 1967, as amended." (ECF No. 1, at 4.) The basis for Taylor's claims against Methodist, as asserted in her Complaint, Response, and Declaration, is that Bardwell stressed multiple times during Taylor's interview that her age would impede her ability to do the job as a nurse. (ECF No. 1, at 4; ECF No. 1-1 ¶¶ 1, 2; Response, at 3, 4, 5, 6; Declaration ¶¶ 11, 12, 16.) Methodist denies that Bardwell made those statements but asserts that, even if she did, and even if all of the facts are construed in Taylor's favor, as is required under Federal Rule of Civil Procedure 56, summary judgment is still warranted. (Motion, at 13–14 n.2; Reply, at 5 n.3.)

## PROPOSED CONCLUSIONS OF LAW

**I.    Standard of Review for Summary Judgment**

Courts evaluate motions for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Harper v. City of Cleveland*, 781 F. App'x 389, 392 (6th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). Thus, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017) ("Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.") (quoting *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 526 (6th Cir. 2014)). "A material fact is one 'that might affect the outcome of the suit,' and a genuine dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (quoting

6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the burden of showing that no genuine issues of material fact exist." *McClellan v. Midwest Machining, Inc.*, 900 F.3d 297, 302 (6th Cir. 2018) (citing *Celotex*, 477 U.S. at 324).

In evaluating summary judgment motions, a court must "draw all reasonable inferences in favor of the nonmoving party." *Harper*, 781 F. App'x at 392 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Nevertheless, "[t]he nonmoving party must do more than simply 'show that there is some metaphysical doubt as to the material facts.'" *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 652 (W.D. Tenn. 2020) (quoting *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018)). A properly supported motion for summary judgment will not be defeated by conclusory allegations, speculation, or unsubstantiated assertions. *Bradley v. Wal-Mart Stores E., LP*, 587 F. App'x 863, 866 (6th Cir. 2014) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "Although summary judgment must be used carefully, it 'is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut.'" *Stevens-Bratton*, 437 F. Supp. 3d at 652 (quoting *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 294 (6th Cir. 2009)). Ultimately, "[w]hen the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Peterson v. Medtronic, Inc.*, No. 2:17-cv-02457-MSN-atc, 2020 WL 6999225, at *4 (W.D. Tenn. Sept. 30, 2020) (quoting *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013)).

**II.     Claims Under the ADEA**

The ADEA prohibits employers from terminating employees "because of such individual's age." *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 323 (6th Cir. 2021) (quoting 29 U.S.C. § 623(a)(1)).  Meeting the ADEA's "because of" threshold "is no simple task." *Id.*  It "requires showing that age was *the* determinative reason they were terminated," in other words, that it was "the 'reason' that the employer decided to act." *Id.* at 324 (quoting *Scheick*, v. *Tecumseh Pub. Schs.*, 766 F.3d 523, 529 (6th Cir. 2014)).

A plaintiff can prove a claim of an ADEA violation by either circumstantial or direct evidence. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (citing *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008)).  Circumstantial evidence "allow[s] a factfinder to draw a reasonable inference that discrimination occurred." *Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 806 (6th Cir. 2020) (quoting *Geiger*, 579 F.3d at 620).  Direct evidence, on the other hand, "is 'evidence that proves the existence of a fact without requiring any inferences.'" *Id.* (quoting *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 523 (6th Cir. 2007)).  "[D]irect evidence must 'include both a predisposition to discriminate and that the employer acted on that predisposition.'" *Id.* (quoting *Scheick*, 766 F.3d at 530) (alteration omitted).  Under both the direct and indirect approaches, the plaintiff retains the burden of persuasion. *Id.* (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).  To that end, "[t]he Supreme Court has held that the ADEA does not permit 'a mixed-motives' claim; instead, a plaintiff alleging a violation of § 623(a) must prove by a preponderance of the evidence that 'age was the "but-for" cause of the employer's adverse action.'" *Debra v. JPMorgan Chase & Co.*, 749 F. App'x 331, 336 (6th Cir. 2018) (quoting *Gross*, 557 U.S. at 175, 177).  As the Supreme Court explained in *Gross*, "the ordinary meaning of the ADEA's

8

requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." 557 U.S. at 176 (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

Methodist asserts that Taylor has abandoned any claim under the ADEA based on circumstantial evidence. It also contends that she has offered scant direct evidence—and, in any event, evidence that is insufficient in light of the entire record and the inapplicability of a mixed-motive analysis—to support her claim that Methodist failed to hire her based on her age. It argues that it is entitled to summary judgment because, even when all reasonable inferences are drawn in her favor, the evidence taken as a whole fails to establish that age was the but-for cause of Methodist's decision to not hire Taylor.

    A.    <u>Evaluating Taylor's Claim Based on Circumstantial Evidence</u>

Claims under the ADEA based on circumstantial evidence are evaluated under "the well-established *McDonnell Douglas* burden-shifting framework." *Miles v. S. Cent. Hum. Res. Agency, Inc.*, 946 F.3d 883, 887 (6th Cir. 2020) (citing *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006)); *see also Bartlett v. Gates*, 421 F. App'x 485, 489 (6th Cir. 2010) (explaining that, even after *Gross*, the "[Sixth] Circuit has held that age discrimination claims based on circumstantial evidence continue to be analyzed under *McDonnell Douglas*"). That framework is as follows: first, the plaintiff must establish a prima facie case of discrimination. *Miles*, 946 F.3d at 887 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If successful, the burden shifts to the employer to produce legitimate, nondiscriminatory reasons for the adverse employment action. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802). If the employer can do so, the burden shifts back to the plaintiff to establish those proffered reasons are mere pretext. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804). Discrimination is reasonably

inferred if the plaintiff satisfies this final step. *Id.* (citing *Moffat v. Wal-Mart Stores, Inc.*, 624 F. App'x 341, 349 (6th Cir. 2015)).

### 1.     Taylor's Prima Facie Case

To establish a prima facie case of age discrimination under the ADEA, Taylor must offer evidence that, if believed, would show that: (1) she was a member of the protected class, meaning she was at least forty years old, (2) she was subjected to an adverse employment action, (3) she was otherwise qualified for the position, and (4) she was replaced by a substantially younger individual. *Douglas v. Esper*, No. 2:18-cv-02420-SHM-dkv, 2019 WL 8017014, at *8 (W.D. Tenn. Nov. 6, 2019), *report and recommendation adopted*, 2020 WL 206936 (W.D. Tenn. Jan. 14, 2020) (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008)). "Requiring a plaintiff to establish a prima facie case under the ADEA framework serves to eliminate the most common nondiscriminatory reasons for an employer's action." *Flowers v. WestRock Servs., Inc.*, 979 F.3d 1127, 1131 (6th Cir. 2020) (citing *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016)).

The record demonstrates that Taylor has met the first two elements of a prima facie claim for age discrimination. At the time Methodist failed to hire her, she was more than forty years old,[8] placing her in a protected class and satisfying the first element. *Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 526 (6th Cir. 2021) (finding that the plaintiff was "a member of a protected class for purposes of her age-discrimination claim because she was over forty at the time of the adverse action") (citing *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1329 (6th Cir. 1994)). The fact that Methodist did not hire Taylor satisfies the second element of an adverse

---

[8] Taylor asserted in her Complaint that she was born in 1960, making her older than forty in 2018 at the time of the alleged discrimination. (ECF No. 1, at 4.) In its answer, Methodist admitted the same on information and belief. (ECF No. 13, at 2.)

10

employment action. *See Sensabaugh v. Halliburton*, 937 F.3d 621, 628 (6th Cir. 2019) ("In the employment context, the term 'adverse action' has traditionally referred to actions such as discharge, demotions, refusal to hire, nonrenewal of contracts, and failure to promote.") (quotations and citations omitted).

Whether Taylor satisfies the third element of her claim—that she was otherwise qualified for the position she sought—is a closer call. "A plaintiff can satisfy the qualification prong of her prima facie case 'by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field.'" *George v. Youngstown State Univ.*, 966 F.3d 446, 464 (6th Cir. 2020) (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575–76 (6th Cir. 2003)). "[A]t the prima facie stage, a court should focus on a plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job." *Wexler*, 317 F.3d at 575 (citing *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1298 (D.C. Cir. 1998)); *see also id.* ("[C]ourts traditionally treat explanations that rely heavily on subjective considerations with caution," and "an employer's asserted strong reliance on subjective feelings about the candidates may mask discrimination.") (quoting *Aka*, 156 F.3d at 1298).

At this stage of the proceedings, there are issues of fact that preclude a finding that Taylor was not qualified. Methodist cites multiple anecdotes from Taylor's interview to demonstrate she was unqualified and points to portions of Taylor's deposition that offer further support for those conclusions. Among other things, Methodist contends that Taylor's responses to multiple interview questions were rambling, inapt, or circular; that she did not understand the necessary qualifications for the position; that her reasons for wanting to relocate for the position were based on the weather; that she lacked relevant, recent work experience; and that she did not

11

recognize her own resume. (Motion, at 9–12.) Ultimately, Methodist asserts that it "*must* be able to decline candidates like Ms. Taylor whose performance at interview is objectively inadequate." (*Id.* at 12; *see also* Reply, at 5.)

At the same time, Methodist acknowledges that Taylor was a licensed nurse. Taylor also asserts, contrary to Methodist's characterization of her interview, that she answered the interview questions appropriately. Ultimately, though Methodist has marshalled significant evidence that Taylor was not qualified for the nursing position, the bulk of that evidence is in the form of subjective data it gleaned from Taylor's behavioral interview. Viewing the evidence in a light most favorable to Taylor, which the Court must do at this stage, reveals that Taylor appears to at least meet the minimum objective criteria required for the job, thus satisfying the third prong of the prima facie standard under *McDonnell Douglas*.

The record is bereft, however, of any evidence that supports the fourth element of Taylor's claim, i.e., the position was filled by a substantially younger person. To prove this element of her claim, Taylor "must show that, after she was rejected, [Methodist] either (1) filled the position [] with a substantially younger person[], or (2) kept the position open and continued to seek other applicants." *George*, 966 F.3d at 470.

Methodist has offered evidence—unrefuted by Taylor—that the person it hired for the position Taylor interviewed for was older than forty. (Def.'s Facts ¶ 25.) Moreover, since 2018, Methodist has hired nine registered nurses in the Step-Down Unit in their forties and fifties. (*Id.*) Taylor has failed to point to any evidence that the position she interviewed for went to someone substantially younger than her or that the position remained open while Methodist continued to seek other applicants. In fact, Taylor admitted in her deposition that she did not know who

12

Methodist hired, did not seek any discovery about the age of the successful candidate, and deemed such information "irrelevant to [her] case." (*Id.* ¶¶ 27, 28.)

Whether Methodist filled the position with a person substantially younger than Taylor or kept the position open after rejecting her application *is* relevant to Taylor's case, however, at least to the extent she seeks to demonstrate an ADEA violation based on circumstantial evidence.[9] Indeed, such evidence is essential, as it is required to establish a prima facie case. Taylor has presented no such evidence. At the same time, Methodist has presented contrary evidence that demonstrates there is no genuine dispute that it hired a person of similar age for the position Taylor sought to fill. Taylor has failed to establish this fourth element of her claim based on circumstantial evidence, warranting summary judgment in favor of Methodist.

### 2. The Remaining *McDonnell Douglas* Framework

Even if Taylor had satisfied her burden of establishing her prima facie case, summary judgment would still be appropriate as to Taylor's claim based on circumstantial evidence, as Methodist has offered legitimate, nondiscriminatory reasons for not hiring her, and nothing in the record demonstrates the proffered reasons are mere pretext.

Assuming Taylor had established a prima facie case, the *McDonnell Douglas* framework would shift the burden to Methodist to articulate some legitimate, nondiscriminatory reason for the failure to hire. *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003). That burden "is merely a burden of production, not of persuasion, and it does not involve a credibility assessment." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 585–86 (6th Cir. 2009). "[T]he employer's burden is satisfied if he simply 'explains what he has done' or 'produces

---

[9] In her Response, Taylor asserts that she "does not concede that she has waived any theory of age discrimination based on circumstantial evidence because her discrimination was direct and not dependent upon who was hired into the position." (ECF No. 62-1, at 5.)

13

evidence of legitimate nondiscriminatory reasons.'" *Id.* (quoting *Bd. of Trustees of Keene State Coll. v. Sweeney*, 439 U.S. 24, 25 n.2 (1978)).

As explained above, Methodist offers a slew of reasons, supported by citations to evidence in the record, for why it declined to offer Taylor a job as a nurse. (*See, e.g.*, ECF No. 58 ¶¶ 13–16.) Though Taylor disputes some of these factual allegations, Methodist relies on Taylor's own deposition testimony about what happened at the interview. (ECF No. 62-2 ¶¶ 13–16.) Taylor has therefore demonstrated no genuine dispute as to those facts relied on by Methodist to establish its legitimate, nondiscriminatory reason for not hiring her.

The burden thus shifts to Taylor to show that those proffered reasons are merely pretextual, which she can demonstrate in any of three, interrelated ways: "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Lawroski v. Nationwide Mut. Ins. Co.*, 570 F. App'x 589, 594 (6th Cir. 2014) (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). To satisfy her burden, Taylor "must produce 'sufficient evidence from which the jury could reasonably reject [Methodist's] explanation and infer that [Methodist] intentionally discriminated against h[er]." *Upshaw*, 576 F.3d at 586 (quoting *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2007)). That burden requires her to "produce enough evidence to support a prima facie case and to rebut, but not to disprove, the defendant's proffered rationale." *Griffin v. Finkbeiner*, 689 F.3d 584, 593 (6th Cir. 2012) (citing *Blair*, 505 F.3d at 532). Ultimately, "at bottom the question is always whether the employer made up its stated reason to conceal intentional discrimination." *Grice v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 981 F. Supp. 2d 719, 728 (W.D. Tenn. 2013), *aff'd sub nom.*

*Grice v. Jackson-Madison Cnty. Gen. Hosp.*, 570 F. App'x 539 (6th Cir. 2014) (quoting *Chen*, 580 F.3d at 400 n.4).

Taylor has failed to carry this burden. In her Response, Taylor attempts to cast doubt upon the validity of Methodist's behavioral interviewing technique. She asserts that Methodist has failed to provide proof that Bardwell and Cardenas were certified to conduct the interviews and that Methodist did not indicate how long it had been employing that interview approach. (Response, at 2.) She further asserts that Methodist's failure to provide a declaration from Bardwell "is sufficient to defeat summary judgment and demonstrates a preponderance of the evidence." (*Id.* at 3, 4.) These purported deficiencies do not create a genuine dispute of any material fact, do not sufficiently rebut Defendant's proffered reasons for not hiring Taylor, and do not otherwise undermine the evidence in the record.

The remainder of Taylor's Response is similarly insufficient to satisfy her burden. The bulk of it merely reiterates the facts as alleged in her Complaint, which is inadequate to defeat a motion for summary judgment. *See Hansbrough v. Titlemax of Tenn., Inc.*, 977 F. Supp. 2d 859, 868 (W.D. Tenn. 2013) (collecting cases in support of the proposition that a "party opposing a motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial"). Even if Taylor's Response could constitute adequate evidence to establish pretext, the evidence Methodist has provided still overwhelms it. As the Sixth Circuit has explained, "a prima facie case plus evidence of pretext would not survive a motion for summary judgment where 'the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had

occurred.'" *Alberty v. Columbus Twp.*, 730 F. App'x 352, 360 (6th Cir. 2018) (quoting *Gross*, 557 U.S. at 148).

Taylor's Response fails to show that Methodist's articulated reasons for not hiring her had no basis in fact, or that those reasons did not actually motivate or insufficiently motivated Methodist's actions. Taylor has failed to produce sufficient evidence from which a jury could reasonably reject Methodist's explanation for why it did not hire her. *See Chen*, 580 F.3d at 400. Therefore, even had Taylor established a prima facie case for her claims for discrimination under the ADEA, she has failed to carry her burden under *McDonell Douglas*, entitling Methodist to summary judgment to the extent her claims are based on circumstantial evidence.

B.    Evaluating Taylor's Claim Based on Direct Evidence

In the absence of adequate circumstantial evidence to sustain her claim, Taylor is left to rely on direct evidence in confronting Methodist's Motion. As explained above, Taylor cannot satisfy this burden merely by demonstrating that age was a motivating factor in Methodist's decision. Instead, the direct evidence must demonstrate, by a preponderance, that age was the but-for cause of Methodist's failure to hire her. *See Scheick*, 766 F.3d at 529. Here, too, Taylor's claim is subject to dismissal because, at best, the direct evidence in the record merely demonstrates that her age was but one of several factors leading to Methodist's decision not to hire her.

The Sixth Circuit has explained that, in the light of the Supreme Court's decision in *Gross*, the "burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Geiger*, 579 F.3d at 621 (quoting *Gross*, 557 U.S. at 180). When it comes to claims under the ADEA, "direct evidence of age discrimination may not

16

always be sufficient to create a question of fact for trial in the ADEA context." *Scheick*, 766 F.3d at 532 (citing *Hnizdor v. Pyramid Mouldings, Inc.*, 413 F. App'x 915, 918 (7th Cir. 2011)). The question "is whether the evidence, taken as a whole and in the light most favorable to plaintiff, is sufficient to permit a rational trier of fact to conclude 'that age was the "but-for" cause of the challenged employer decision.'" *Id.* (quoting *Gross*, 557 U.S. at 178). Though the court in *Scheick* ultimately determined that the defendant was not entitled to summary judgment, it rejected the argument that "direct evidence of age discrimination *necessarily* precludes entry of summary judgment in favor or the employer," or that "direct evidence will *always* defeat an employer's motion for summary judgment with respect to claims under the ADEA." *Id.* at 531–32.

Even viewing the evidence in a light most favorable to Taylor, and even assuming that Bardwell made the statements Taylor alleges she made during the interview, when the evidence is taken as a whole, there is no genuine dispute of material fact that Methodist had multiple reasons for not hiring Taylor. Those alternative explanations include that Taylor lacked relevant, recent work experience and that she gave a substandard interview performance, elements of which were confirmed by Taylor herself in her deposition. For instance, when asked during the interview to describe a situation in which she had to use her critical-thinking skills as a nurse, Taylor relayed a story of how she assessed herself as a patient following her colonoscopy, took her own blood pressure, analyzed the color of her stool, and went to the emergency room for treatment. (Def.'s Facts ¶ 13.) During the interview she also demonstrated a lack of familiarity with the requirements of the position, failed to articulate an interest in working at Methodist beyond that fact that it was in the South and had warmer weather, could not describe the "unforeseen circumstances" that led her to initial withdrawal of her application, failed to

recognize her own resume, and explained that the Mississippi address on her resume was her mother's, even as she acknowledged that she had lived in Michigan for more than thirty years. (*Id.* ¶¶ 14, 15, 30, 31, 32.) As discussed above, Taylor has not created a genuine dispute as to the legitimate, nondiscriminatory reasons Methodist did not hire her. Thus, even if Taylor could prove that age discrimination was one of the reasons Methodist failed to hire her, she has failed to establish it was the but-for cause.

Just as Taylor has failed to satisfy her burden of proving age discrimination with circumstantial evidence, she has also failed to meet her burden under the direct evidence standard. There is no genuine dispute as to any material fact, and Methodist is entitled to summary judgment on all of Taylor's claims.[10]

## RECOMMENDATION

For the foregoing reasons, this Court recommends that Defendant be granted summary judgment as to all of Taylor's claims.

Respectfully submitted this 22nd day of June, 2021.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.

---

[10] In its Motion, Methodist alternatively moves the Court for partial summary judgment as to Taylor's claim for damages, asserting they "are beyond what the ADEA provides." (Motion, at 15–16.) Because the Court is recommending summary judgment as to all of Taylor's claims, it does not address those arguments here.