IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DORISTEEN TAYLOR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-02796-MSN-atc |
| ) | |
| **METHODIST LE BONHEUR** ) | |
| **HEALTHCARE,** ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Methodist Le Bonheur Healthcare's ("Methodist" or "Defendant") Motion for Summary Judgment, filed on February 22, 2021 (the "Motion"). (ECF No. 56.)[1] *Pro se* Plaintiff Doristeen Taylor ("Taylor") filed her response on April 7, 2021. (ECF No. 62.) Methodist filed its reply on April 21, 2021 (the "Reply"). (ECF No. 63.) The undersigned previously recommended that the motion be granted in its entirety. (ECF No. 64.) After the District Court adopted the report and recommendation and entered judgment (ECF Nos. 65 & 66), the Sixth Circuit found that summary judgment was granted in error, vacated the judgment, and remanded the case for further proceedings (ECF No. 80).

In the earlier report and recommendation, the undersigned noted that, "[i]n its Motion, Methodist alternatively moves the Court for partial summary judgment as to Taylor's claim for

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

damages, asserting they 'are beyond what the ADEA provides.'" (ECF No. 64, at 15 n.10.) The Court explained that, "[b]ecause the Court is recommending summary judgment as to all of Taylor's claims, it does not address those arguments here." (*Id.*) On August 26, 2022, after the District Court held a scheduling conference in the matter, it entered an order noting that "Defendant's request for partial summary judgment remains outstanding and is hereby **REFERRED**" to the undersigned "for determination or for proposed findings and recommendation, as appropriate." (ECF No. 86, at 1–2.)

For the following reasons, this Court recommends that the partial motion for summary judgment be GRANTED IN PART AND DENIED IN PART.

## **PROPOSED FINDINGS OF FACT**

In its previous report and recommendation, the Court noted disputes over certain facts before determining which facts were undisputed for purposes of ruling on the summary judgment motion. (ECF No. 64, at 1–6.) Most of those facts are not relevant to the partial summary judgment motion now before the Court, which addresses Taylor's claims for damages.

Within the narrow universe of relevance, the facts are undisputed. Taylor filed her complaint alleging violations of the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 621, *et seq*. (ECF No. 62-2 ¶ 22.)[2] That complaint seeks $3.2 million in damages for "age discrimination," "suffering stress," "loss of opportunity," and "libel defamation." (*Id.* ¶ 33.) In her discovery responses, Taylor claimed that she is entitled to $7.5 million in damages apportioned as follows: punitive damages of at least $6.5 million after taxes; damages for

---

[2] Methodist's undisputed facts—and Taylor's response to them—lists 42 U.S.C. § 421 as the relevant section of the ADEA. (ECF No. 58 ¶ 22; ECF No. 62-2 ¶ 22.) That provision is related to Social Security benefits. The relevant provisions, as indicated in Taylor's complaint, are §§ 621, *et seq*. (*See* ECF No. 1, at 1.)

emotional distress of $500,000 after taxes; and loss of wages and potential investments of $500,000 after taxes.  (*Id.* ¶ 34.)[3]

## PROPOSED CONCLUSIONS OF LAW

**I.      Standard of Review for Summary Judgment**

Courts evaluate motions for summary judgment under Federal Rule of Civil Procedure 56(a).  "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  *Harper v. City of Cleveland*, 781 F. App'x 389, 392 (6th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).  Thus, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (a); *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017) ("Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.") (quoting *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 526 (6th Cir. 2014)).  "A material fact is one 'that might affect the outcome of the suit,' and a genuine dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The moving party bears the burden of showing that no genuine issues of material fact exist."  *McClellan v. Midwest Machining, Inc.*, 900 F.3d 297, 302 (6th Cir. 2018) (citing *Celotex*, 477 U.S. at 324).  Where, as here, "genuine

---

[3] Taylor disputes this fact to the extent that Methodist asserts that she publicly filed some of her discovery responses.  (*Id.*)  Taylor did, in fact, file those discovery responses on the public docket (*see* ECF No. 38), but whether she did is not relevant to the determination of the motion and does not create a genuine dispute of material fact.

3

issues of material fact are not in dispute and purely legal questions are at issue, then the matter is ripe for summary judgment, which may be granted if the movant shows he is entitled to judgment as a matter of law." *Webster v. Allstate Ins. Co.*, 689 F. Supp. 689, 690 (W.D. Ky. 1986) (citing *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir. 1976)).

## II.  Damages Claims Under the ADEA

The grounds for Methodist's partial summary judgment motion are straightforward. It asserts that Taylor seeks various forms of "damages that are not cognizable under the ADEA," including punitive damages, emotional distress damages, and damages for loss of opportunity and potential investments. (ECF No. 57, at 15.) Taylor counters simply that "MLH should be held accountable for [its] horrific act" and that she "moves for denial of Defendant's request for partial Summary Judgment [for] Taylor's claims for punitive, emotional distress and loss promotion and lost opportunity damages." (ECF No. 62-1, at 6.)

Methodist is correct that much of the damages Taylor seeks are not recoverable under the ADEA. ADEA damages are restricted to "unpaid minimum wages or unpaid overtime compensation" and liquidated damages "only in cases of willful violations." 29 U.S.C. § 626(b). In other words, "the ADEA provides no compensation 'for any of the other traditional harms associated with personal injury.'" *Comm'r v. Schleier*, 515 U.S. 323, 336 (1995). Instead, "[m]onetary remedies under the ADEA are limited to back wages, which are clearly of an 'economic character,' and liquidated damages, which . . . serve no compensatory function." *Id.*

Under this framework, plaintiffs are not entitled to "awards of compensatory damages for pain and suffering or emotional distress." *Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 843 (E.D. Mich. 2000) (collecting cases); *Schleier*, 515 U.S. at 326 ("[T]he Courts of Appeals have unanimously held . . . that the ADEA does not permit a separate recovery of

4

compensatory damages for pain and suffering or emotional distress."). Similarly, the *Schleier* court explained that, as is the case with claims under Title VII, the ADEA does not provide for the recovery of consequential damages. *Id.* at 336; *see also Kulling*, 115 F. Supp. 2d at 849 (finding that consequential damages beyond back pay and benefits are unrecoverable under the ADEA). Methodist should therefore be granted summary judgment as to Taylor's request for emotional distress damages and damages for loss of opportunity and potential investments.

ADEA plaintiffs are also not entitled to the sort of broad punitive damages that Taylor seeks—that is, $6.5 million. *See Branson v. Harrah's Tunica Corp.*, 832 F. Supp. 2d 929, 939 n.12 (W.D. Tenn. 2011) ("Plaintiff is not entitled to recover punitive damages under the ADEA.") (citations omitted); *Brown v. Creative Restaurants, Inc.*, No. 11-2710-STA-cgc, 2013 WL 11043343, at *4 (W.D. Tenn. Feb. 19, 2013) ("[P]unitive damages above and beyond the liquidated damages available under 29 U.S.C. § 626 are not available under the [ADEA].") (citations omitted).

Taylor's request for punitive damages, however, is properly construed as a request for liquidated damages. An ADEA plaintiff is entitled to recover liquidated damages "in an amount equal to the award of back pay." *Branson*, 832 F. Supp. 2d at 939 (citing *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1164 (6th Cir. 1991)); *see also* 29 U.S.C. § 626(b) (applying the liquidated damages formula from 29 U.S.C. § 216(b) of the Fair Labor Standards Act to ADEA claims). In *Branson*, the court noted that "[l]iquidated damages are punitive in nature" and construed the plaintiff's punitive damages claim under the ADEA as one for liquidated damages. 832 F. Supp. 2d at 939 n.12 (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)); *see also Woody v. Covenant Health*, No. 3:11-CV-62, 2013 WL 1912610, at *6 (E.D. Tenn. May 8, 2013) ("The court is persuaded that [plaintiff's] claim for punitive damages could

reasonably be interpreted as a claim for liquidated damages, although Defendants' argument that the amount of the claim is grossly out of proportion is well-taken. Therefore, the court limits its interpretation of the liquidated damages to an amount equal to the award of back pay.").

As in *Branson* and *Woody*, Taylor's claim for punitive damages should be more specifically construed as a claim for liquidated damages, available only if Taylor can demonstrate that Methodist willfully violated the ADEA. *See* 29 U.S.C. § 626(b). Any such recovery would be limited to the amount of any award of back pay Taylor may be entitled to. *Wheeler*, 937 F.2d at 1163–64.

The Court thus recommends that Methodist's motion for partial summary judgment be granted as to Taylor's claims for emotional distress damages and damages for loss of opportunity and potential investments and be granted to the extent Taylor seeks punitive damages beyond the liquidated damages provided for by the ADEA. The Court further recommends that, to the extent Methodist moves for summary judgment in its favor as to any such request for liquidated damages, the motion be denied at this time.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Methodist's motion for partial summary judgment be GRANTED IN PART AND DENIED IN PART.

Respectfully submitted this 4th day of January, 2023.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14)

days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.

Case 2:19-cv-02796-MSN-atc   Document 93   Filed 01/04/23   Page 7 of 7   PageID 956