# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

DORISTEEN TAYLOR,

      Plaintiff,

v.                                     Case No. 2:19-cv-2796-MSN-atc

METHODIST LE BONHEUR
HEALTHCARE,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Magistrate Judge Christoff's Report and Recommendation on Defendant's Motion for Partial Summary Judgment (ECF No. 93, "Report") entered January 4, 2023. The Report recommends that Defendant's request for partial summary judgment be granted in part and denied in part.

## BACKGROUND

As set forth in the Report, Plaintiff's complaint seeks $3.2 million in damages for "age discrimination," "suffering stress," "loss of opportunity," and "libel defamation," and in discovery responses, Plaintiff claimed $6.5 million (after taxes) in punitive damages, $500,000 (after taxes) for emotional distress, and $500,000 (after taxes) for loss of wages and potential investments. (ECF No. 93 at PageID 951–52.) Defendant argues many of the damages sought by Plaintiff are not cognizable under the Age Discrimination Employment Act of 1967, 42 U.S.C. §§ 621, *et seq.* (the "ADEA"), and it seeks partial summary judgment as to Plaintiff's claims for such damages.

The Report concludes that Defendant's partial motion for summary judgment should be granted as to Plaintiff's request for emotional distress damages and damages for loss of opportunity and potential investments.  (*Id.* at PageID 954.)  The Report construes Plaintiff's demand for punitive damages as a request for liquidated damages, which are recoverable "in an amount equal to the award of back pay," if it is shown that Defendant willfully violated the ADEA.  (*Id.* at PageID 954–55.)  The Report therefore recommends that Defendant's motion for partial summary judgment be granted as to Plaintiff's claims for (1) emotional distress damages, (2) loss of opportunity and potential investments damages, and (3) punitive damages to the extent they are beyond what is provided for liquidated damages under the ADEA.  (*Id.* at PageID 955.)  However, the Report recommends Defendant's motion for partial summary judgment be denied to the extent Defendant requests summary judgment in its favor as to liquidated damages.

For the reasons set forth below, Report is **ADOPTED**, and Defendant's request for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection

is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue.  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation.  *Id.*  When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Magistrate Judge issued her Report on January 4, 2023.  The Report warned that objections were due within 14 days and that failure to file objections within 14 days may constitute a waiver of objections, exceptions, and any further appeal.  To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired.  The Court has reviewed the Report for clear error and finds none.  Accordingly, it is **ORDERED** as follows:

1.      The Court **ADOPTS** the Report;

2.      Defendant's motion for partial summary judgment is **GRANTED** as to Plaintiff's claims for (a) emotional distress damages, (b) loss of opportunity and potential investments damages, and (c) punitive damages to the extent they are beyond what is provided for liquidated damages under the ADEA; and

3.      Defendant's motion for partial summary judgment is **DENIED** as to liquidated damages available under the ADEA if Plaintiff shows Defendant willfully violated the ADEA.

## <u>CONCLUSION</u>

For the reasons set forth above, the Report is **ADOPTED**, and Defendant's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 26th day of January, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE